UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>TECHNICHEM, INC., et al.,<br><br>        Defendants. | Case No.  15-cv-03611-VC<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 189, 190, 191, 195 |

       The EIL deductible applies to "all 'loss(es)' and 'claim expense(s).'"  Dkt. No. 125-1 at 18.  "Claim expense(s) means . . . fees, costs and expenses resulting from the defense . . . of a 'claim' . . . ."  *Id.* at 4.  Technichem is correct that "reasonable doubts" about policy language will be construed in its favor.  *Safeco Ins. Co. of Am. v. Robert S.*, 26 Cal. 4th 758, 763 (2001).  But here the plain language of the EIL policy makes the deductible applicable to defense costs.

       Technichem relies on the "general rule" that deductibles apply only to damages.  Opp. (Dkt. No. 193) at 8-9.  But this "general rule" is not a mandate.  It is a reflection of the common understanding of what it means to have a deductible.  *See* California Practice Guide: Insurance Litigation §§ 7:379, 7:380.2 (2016).  That is, a deductible carves out some threshold share of the insurer's responsibility to indemnify, but (unlike a self-insured retention, for example) not some threshold share of the entire policy.  *See Padilla Const. Co. v. Transportation Ins. Co.*, 150 Cal. App. 4th 984, 993 & n.10 (2007).  The result is that even as it exposes the insured to liability for certain covered damages, a deductible is presumed not to affect the insurer's existing responsibility for furnishing a defense.  *See Forecast Homes, Inc. v. Steadfast Ins. Co.*, 181 Cal.

App. 4th 1466, 1474 (2010) (citing the *Rutter Guide* at § 7:379).

It does not follow that the parties to an insurance agreement are, as Technichem would have it, categorically barred from contracting for something different. The California Court of Appeal hasn't yet addressed this question. *See Zurich Specialties London, Ltd. v. Century Sur. Co.*, No. G042920, 2011 WL 4398278, at *5-6 (Cal. Ct. App. Sept. 22, 2011). But Technichem has not been able to identify any authority that stands for the sweeping proposition it advocates here. *Cf.* California Practice Guide: Insurance Litigation § 7:379 (2016) ("*Unless the policy otherwise provides*, the deductible relates to damages . . . ." (emphasis added)). And to the extent Technichem's fleeting reference to abstention is intended as a fallback argument, that argument is misplaced. *See* Opp. (Dkt. No. 193) at 1-2. A question of first impression may be a basis for declining supplemental jurisdiction, but it is not a proper basis for refusing a case in diversity. *See City of Tucson v. U.S. W. Commc'ns, Inc.*, 284 F.3d 1128, 1132-34 (9th Cir. 2002); *see also* FAC (Dkt. No. 30) at 1; *see also Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

Technichem makes some reference to the financial assurance requirements of the California Code of Regulations. *See* Opp. (Dkt. No. 193) at 3-4. However, if this is an argument for Technichem's view of the EIL deductible, the argument is at odds with the applicable regulations and – again – the terms of the insurance agreement. California requires that owners of hazardous waste transfer facilities carry liability coverage "of at least $1 million per occurrence . . . , exclusive of legal defense costs." 22 C.C.R. § 66264.147. This is not a limitation on the existence or scope of deductibles. It is a limitation on their ability to erode minimum coverage. Under California law, insurers of transfer facilities must always be liable for the full $1 million indemnity – even if the insured defaults on its deductible, and even if the insurer might otherwise offer burning limits – so that the state can be certain that its liability floor holds firm. Accordingly, "[t]he Insurer is liable for the payment of amounts within any deductible applicable to the policy," but "with a right of reimbursement by the insured for any

2

such payment made by the Insurer." *Id.* § 66264.147(a)(1)(B), (D); *see also id.* § 66264.151(j). This is entirely consistent with the Steadfast policy. *See* Dkt. No. 125-1 at 18 ("The Deductible amount does not erode the Limits of Liability . . . . If the 'insured' is unable or unwilling to pay any or all amounts of the Deductible, we shall pay such amounts. You shall promptly reimburse us for advancing any element of 'loss(es)' and 'claim expense(s)' paid by us within your Deductible."); *see also* Dkt. No. 125-1 at 28.

Technichem argues that certain disputes remain for the trier of fact. But Technichem has submitted no meaningful evidence of a factual dispute. The opposition brief includes allegations that Steadfast owes money for insurable defense costs Technichem paid out of pocket – presumably an argument for Technichem's defense that a breach by Steadfast excused performance. *See* Answer (Dkt. No. 72) at 12. The opposition brief also includes allegations that the various insurers in this case colluded to assign defense costs to the one policy with a deductible – perhaps an argument for Technichem's defense of unclean hands. *See id.* at 11. But Technichem must do more than renew its answer to survive summary judgment. *See, e.g.*, *Hardwick v. Complete Skycap Servs., Inc.*, 247 F. App'x 42, 43 (9th Cir. 2007). And even assuming that insurers other than Steadfast breached their defense obligations under policies other than the EIL, this does nothing to free Technichem from its liability under the one agreement where, based on the evidence before the Court, the duty to defend *was* satisfied – and in an amount exceeding the deductible. Ryan Decl., Ex. 2 (Dkt. No. 125-2). Technichem has submitted a declaration from its attorney stating that "none of the [insurers] . . . has paid for or reimbursed the insured for over $400,000.00 in attorneys, Expert Witness Fe[e]s, Consulting Expert Fees or other vendors fees." Griffin Decl. (Dkt. No. 193-1) at ¶ 5. But this is scarcely any better than relying on the opposition brief alone. Setting aside concerns that this portion of the declaration is conclusory, uncorroborated, and potentially irrelevant given the absence of a counterclaim or an affirmative defense of offset, *see* Answer (Dkt. No. 72) at 10-13, loosely quantifying and itemizing defense costs does nothing to explain why or how the costs are attributable to Steadfast. The declaration may be evidence that Technichem genuinely believes

it's in the right, but it isn't evidence of a genuine dispute for trial.

Steadfast's motion for summary judgment on the third claim is therefore granted. Steadfast is awarded damages of $50,000, which is the amount of the unreimbursed deductible. *See* Mot. (Dkt. No. 189) at 1; FAC (Dkt. No. 30) at 9; Ryan Decl. (Dkt. No. 125) at ¶ 3; Ryan Decl., Ex. 2 (Dkt. No. 125-2).

Steadfast's motion to voluntarily dismiss the second and sixth claims without prejudice is granted as unopposed. *See* Dkt Nos. 190, 196. Steadfast's requests for judicial notice are denied as moot. *See* Dkt. Nos. 191, 195. As the first, fourth, and fifth claims of the operative complaint have already been resolved, *see* Dkt. No. 166, the Court will direct the Clerk to close the case in its forthcoming entry of judgment.

**IT IS SO ORDERED.**

Dated:  March 29, 2017

VINCE CHHABRIA
United States District Judge